CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 30 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| VINCENT P. BRESNAHAN, JR., | ) | CASE NO. 6:10CV00029 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on March 28, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through September 30, 1999[1]. (R. 12.) The Law Judge further found that plaintiff had worked since June 1, 1996, but that the record did not support a

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, September 30, 1999. See 20 C.F.R. § 404.131(a).

decision based solely on his work activity.[2] (*Id.*) The Law Judge determined that, prior to the date he was last insured, plaintiff did not suffer a severe impairment. (R. 15.) The Law Judge determined that following the filing of his claim for SSI on September 15, 2006, he suffered the following severe impairments: bipolar disorder, dysthmic disorder, ADHD, and a history of alcohol dependence in full remission. (R. 17.) The Law Judge further determined that since the filing of his claim for SSI, plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment.[3] (R. 19.) He was of the belief that plaintiff's medically determinable impairment reasonably could be expected to generally produce his alleged symptoms, but that his contentions and those made by his treating psychiatrist concerning the intensity, persistence and limiting effects of these symptoms were "not credible," particularly in light of plaintiff's ongoing work activities. (R. 23.) The Law Judge also believed that since the filing of his claim for SSI, plaintiff retained the residual functional capacity ("RFC") to at least perform a full range of work at all exertional levels with the following nonexertional limitations: simple, routine work with only incidental interactions with the general public. (R. 21.) The Law Judge found that this RFC precluded plaintiff from performing any of his past relevant work, but that other jobs exist in substantial numbers in the national economy that he could perform. (R. 24.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 25.)

---

[2] The Law Judge noted that plaintiff had been self-employed as an antique finisher and small business owner since his alleged disability onset date. (R. 12.) The parties dispute whether this evidence reveals plaintiff is engaged in substantial gainful activity or merely in a hobby. Having decided this case on other grounds, the undersigned does not find it necessary to address this issue.

[3] The Law Judge erroneously states, "No treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of any section of Appendix I." (R. 19.) In fact, plaintiff's long-term treating psychiatrist opined that he met Listing 12.04. (R. 520.)

2

Plaintiff appealed the Law Judge's March 28, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a *pro se* brief filed in support of his motion for summary judgment, plaintiff essentially argues that the Law Judge erred by failing to give proper consideration to the opinions by his treating physician Larry Merkel, M.D., Ph.D. (Pl's Brief, pp. 2-4.) The undersigned agrees.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

3

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig*, 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

Plaintiff began treatment with Dr. Merkel on October 4, 1995. (R. 545.) On January 24, 2008, Dr. Merkel completed a Psychiatric Review Technique form. (R. 520-529.) When assessing plaintiff's mental impairment under Listing 12.04[4], Dr. Merkel opined that plaintiff

---

[4] Listing 12.04, Affective Disorders, provides:
Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one of the following:
1. Depressive syndrome characterized by at least four of the following:
a. Anhedonia or pervasive loss of interest in almost all activities; or
b. Appetite disturbance with change in weight; or
c. Sleep disturbance; or
d. Psychomotor agitation or retardation; or
e. Decreased energy; or
f. Feelings of guilt or worthlessness; or
g. Difficulty concentrating or thinking; or
h. Thoughts of suicide; or
i. Hallucinations, delusions or paranoid thinking; or

2. Manic syndrome characterized by at least three of the following:
a. Hyperactivity; or
b. Pressure of speech; or
c. Flight of ideas; or
d. Inflated self-esteem; or
e. Decreased need for sleep; or

4

had a depressive syndrome, a manic syndrome, and a bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes). (R. 523.) He ultimately found that plaintiff met Listing 12.04[5] and determined that this diagnosis related back to 1995. (R. 520, 523.)

---

f. Easy distractibility; or
g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
h. Hallucinations, delusions or paranoid thinking;

Or

3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

And

B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration;

Or

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.
[5] "When satisfied, the listings of impairments automatically result in a finding of disability." *Casillas v. Astrue*, 2011 WL 450426, *4 (W.D.Va. February 3, 2011).

5

Dr. Merkel also completed a medical assessment which assessed plaintiff's mental capacity to perform work-related activities dated January 24, 2008. (R. 530-533.) He opined that plaintiff's ability was fair in the following areas: behaving in an emotionally stable manner; relating predictably in social situations; ability to follow work rules; using judgment; understanding, remembering and carrying out detailed, but not complex instructions; and understanding, remembering and carrying out simple job instructions. (R. 531-532.) He believed plaintiff's ability was poor in the following areas: maintaining personal appearance; demonstrating reliability; understanding, remembering and carrying out complex job instructions; relating to coworkers; dealing with the public; interacting with supervisors; dealing with work stresses; functioning independently; and maintaining attention/concentration. (*Id.*) Dr. Merkel noted that plaintiff's ability to relate to others has been significantly affected by his tendencies to avoid any conflict and to take things personally. (R. 533.) Also, the physician suggested that plaintiff may be critical and judgmental of others. (*Id.*)

The Law Judge outright rejected Dr. Merkel's opinions that plaintiff met Listing 12.04. (R. 21-22.) Instead, the Law Judge adopted the opinions offered by Richard J. Milan, Ph.D. and A. John Kalil, Ph.D., State agency record reviewing physicians who concluded that plaintiff's mental impairments were not sufficiently severe enough to meet a listed impairment. (R. 21.) On November 16, 2006, Dr. Milan evaluated plaintiff's medical records. (R. 477-494.) He opined that plaintiff suffered the following severe impairments: ADHD, inattentive type; Bipolar II disorder; and dysthymia. (R. 481, 483.) The psychologist further opined that plaintiff had no restriction on his activities of daily living. (R. 490.) Dr. Milan found that plaintiff had moderate difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace. (*Id.*) Dr. Milan noted no repeated episodes of decompensation, each of

extended duration. (*Id.*) The psychologist ultimately concluded that plaintiff's mental impairments did not prevent him from meeting the basic mental demands of competitive work on a sustained basis. (R. 479.)

Dr. Kalil evaluated plaintiff's medical records on January 25, 2007. (496-513.) He opined that plaintiff suffered the following severe impairments: ADHD, inattentive type; Bipolar II disorder; and dysthymia. (R. 497, 499.) The psychologist further opined that plaintiff had no restriction on his activities of daily living. (R. 506.) Dr. Kalil found plaintiff had moderate difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace. (*Id.*) Dr. Kalil noted no repeated episodes of decompensation, each of extended duration. (*Id.*) Ultimately, the psychologist concluded that plaintiff's mental impairments did not prevent him from meeting the basic mental demands of competitive work on a sustained basis. (R. 513.)

The undersigned is of the view that the Law Judge's reliance on the State agency record reviewing physicians to support his rejection of Dr. Merkel cannot be sustained. These reviews were performed **prior** to the critical assessments provided by Dr. Merkel. This means that neither State agency physician had benefit of Dr. Merkel's long-term perspectives when each performed a record review. Under these circumstances, the opinions from the State agency physicians do not qualify as substantial evidence to support the Law Judge's decision that plaintiff did not meet Listing 12.04.

By the same token, the Commissioner should be given an opportunity to reexamine the claim in light of Dr. Merkel's evidence. Good cause has been shown to remand this case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g)

Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

6/30/11
Date